# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

JAMES AYERS,

    Petitioner,

v.     Case No. 5:22-cv-00027

WARDEN, FCI BECKLEY,[1]

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On January 12, 2022, Petitioner, an inmate who was then housed at FCI Beckley, in Beaver, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). Petitioner paid the applicable $5.00 filing fee. This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 20, 2015, Petitioner was arrested by Virginia state authorities on drug charges pending in Buckingham County General District Court (Case No. GC15000625). (ECF No. 8, Ex. 1, ¶ 5 & Attach. A). On February 11, 2016, Petitioner was sentenced to a total of five years of imprisonment on additional drug charges pending in

---

[1] Katina Heckard is no longer the Warden at FCI Beckley. The Clerk is directed to substitute "Warden, FCI Beckley" as the Respondent herein.

a separate Buckingham County Circuit Court case (CR15000004). (*Id.*, ¶ 6 & Attach. B). On February 26, 2016, the charges in Case No. GC15000625 were dismissed. (*Id.*, ¶ 7 & Attach. A).

On April 19, 2016, while he was in state custody, Petitioner was charged in a criminal complaint filed in the United States District Court for the Western District of Virginia with one count of distribution of 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Case No. 6:16-cr-00013). (ECF No. 8, Ex. 1, ¶ 8 & Attach. C). Petitioner was taken into temporary custody by the United States Marshals Service ("USMS") pursuant to a federal writ of habeas corpus *ad prosequendum*. (*Id.*, ¶ 10 & Attachs. D & E). On September 20, 2016, Petitioner was sentenced to a term of imprisonment of "70 months, ensuring that the defendant is given credit for time served in federal custody prior to sentencing. (This term is to run consecutive to state sentence.)" (*Id.*, Ex. 1, ¶ 11 & Attach. F). On September 27, 2016, Petitioner was returned to state custody. (*Id.*, Ex. 1, ¶ 12 & Attach. E).

On June 22, 2020, Petitioner was released from his five-year state term of imprisonment and was taken into federal custody for commencement of his federal sentence. (*Id.*, Ex. 1, ¶ 13 & Attachs. E & G). Petitioner has not received any prior custody credit. (*Id.*, Ex. 1, ¶ 14 & Attach. H).

Petitioner's § 2241 petition seeks application of five months of prior custody credit to his federal sentence, apparently for the time he spent in USMS custody on the writ of habeas corpus *ad prosequendum*. (ECF No. 1 at 6). However, as set forth in Respondent's response, because Petitioner was initially arrested by Virginia state officials on state charges, the State of Virginia acquired primary jurisdiction, which it maintained until Petitioner discharged his state sentence and was taken into exclusive federal custody.

On March 31, 2023, Respondent filed a response to Petitioner's § 2241 petition asserting that Petitioner's federal sentence did not commence until June 22, 2020, when he was released from state custody and that he is not entitled to any prior custody credit. (ECF No. 8). Thereafter, Petitioner was granted an extension of time to reply, and he filed a reply brief on June 13, 2022. (ECF Nos. 11-13). Petitioner's reply asserts that his state charges were resolved by conviction and/or dismissal before he was charged in federal court and, thus, he appears to argue that, when he was taken into federal custody from May 2, 2016 to September 27, 2016, "there is no primary jurisdiction" for the State of Virginia. Thus, he contends that time should be credited to his federal sentence. (ECF No. 13).

Nonetheless, according to the Federal Bureau of Prisons' ("BOP") inmate locator on its website, www.bop.gov, Petitioner was released from BOP custody on June 5, 2024. Thus, as addressed below, his § 2241 petition is now moot and must be dismissed.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).

As noted above, Petitioner has been released from BOP custody without any collateral consequences related to his claims; thus, this federal court is no longer able to grant his requested relief. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is moot due to his release from BOP custody without collateral consequences. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner at his last known address, and to transmit a copy to counsel of record.

<u>August 28, 2024</u>

_____
Dwane L. Tinsley
United States Magistrate Judge